**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CEDRIC PARTEE a/k/a CEDRIC WEBB,

                Petitioner,

v.                                                                                          9:19-CV-1198
                                                                              (MAD/CFH)

DAVID JONES, Superintendent, Cayuga; NEW
YORK DIVISION OF PAROLE,

                Respondent.

---

**APPEARANCES:**                                                              **OF COUNSEL:**

CEDRIC PARTEE
Petitioner pro se
c/o Keith R. Young, Esq.
499 S. Warren Street,
4th Floor
Syracuse, New York 13202

HON. LETITIA JAMES                                                    PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                                               Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

**I.      INTRODUCTION**

      Petitioner Cedric Partee seeks federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  Dkt. No. 1, Petition ("Pet.").  Respondent opposes the petition.  Dkt. No. 5, Answer;

Dkt. No. 5-1, Memorandum of Law in Opposition; Dkt. No. 6, State Court Record.[1] Petitioner filed a reply. Dkt. No. 8, Traverse. For the reasons which follow, it is recommended that the petition be denied and dismissed.

## II. BACKGROUND

Petitioner was incarcerated pursuant to a 1984 judgment of conviction in New York County, upon a jury verdict, of second degree murder. Pet. at 1-2; *see also Partee v. Walker*, No. 1:95-CV-1213, 1997 WL 578688, at *1 (S.D.N.Y. Sept. 16, 1997) ("*Partee I*"). He was sentenced to a term of twenty-five years to life. SCR at 214.

Petitioner unsuccessfully petitioned for federal habeas corpus relief seeking to vacate his criminal conviction on two separate occasions. *Partee I*, 1997 WL 578688, at *3; *Partee v. Henderson*, No. 7:87-CV-1688, 1990 WL 26917, at *14 (S.D.N.Y. Feb. 28, 1990) ("*Partee II*"). However, petitioner adamantly argues that he is not presently challenging his underlying criminal conviction. Pet. at 9.

In November of 2014, petitioner was released to parole supervision. SCR at 37. In 2016, petitioner was charged with violating his parole conditions. SCR at 44, 267. In September of 2016, petitioner appeared, with counsel, for a final revocation hearing where the Parole Board determined that petitioner had consumed alcohol, fraternized with a person known to have a criminal record, and engaged in a physical confrontation. SCR at 49-89. The Parole Board imposed a 24-month time assessment. SCR at 91-98; *see also* 21-26 (additional, identical copies of the parole revocation paperwork). Petitioner unsuccessfully

---

[1] With the exception of the State Court Record, Dkt. No. 6, which is consecutively paginated and Bates-stamped, all citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

attempted to appeal administratively. SCR at 100-114.

Petitioner filed a petition in Albany County Court, pursuant to CPLR Article 78, challenging the parole revocation proceedings and arguing that he was entitled to relief because his counsel was constitutionally ineffective and he was denied due process. SCR at 1-26. The People opposed the motion. SCR at 27-117. Albany County Court then issued an order transferring the motion to the New York State Appellate Division, Third Department, for a disposition. SCR at 118-120.

Petitioner thereafter filed briefs in the Appellate Division. SCR at 121-40 (pro se brief); SCR at 141-63 (pro se supplemental brief). The People again opposed relief. SCR at 164-191. The petitioner filed a reply. SCR at 192-231. On March 29, 2018, the Third Department dismissed the petition and confirmed the parol determination. SCR at 214-17. While petitioner's Article 78 matter was pending, he filed a motion for injunctive relief and a restraining order with the Third Department seeking immediate release from prison. SCR at 218-235. That motion presented almost identical arguments to the presently pending petition.

Specifically, petitioner stated that his "Sentence and Commitment Order" from his 1984 conviction identified him as Cedric Webb with NYSID No. 4064899K; however, his parole revocation warrant, dated July 15, 2016, identified him as Cedric Partee with a NYSID No. 4064899M. SCR at 222. When petitioner asked about this discrepancy, the Office of Criminal Justice Records responded that it had corrected the error about the terminal letter in petitioner's NYSID number and apologized if the number had previously been incorrectly reported to petitioner. SCR at 235. Petitioner argued that the Department of Corrections and Correctional Services's ("DOCCS") actions in (1) failing to notify the court of the

3

discrepancies in his NYSID Numbers, pursuant to DOCCS's duties outlined in New York State Corrections Law § 601-a, and (2) unilaterally changing the terminal letter in petitioner's file resulted in DOCCS losing jurisdiction over petitioner. SCR at 222-23. Petitioner contended that the clerical correction amounted to a sentence modification, which rendered the subsequent parole warrant invalid, and ultimately should result in his immediate release. SCR at 223-225, 227.

The People filed an affirmation in opposition. SCR at 236-242. They argued that petitioner was never injured by the clerical error because "he is serving the correct sentence," and because "Cedric Partee and Cedric Webb are the same person." SCR at 238. Petitioner filed a reply. SCR at 243-250. On March 1, 2018, the Third Department denied the motion. SCR at 252.

After his motion for injunctive relief was denied, but before issuing a decision on the Article 78 action, petitioner filed another collateral attack seeking relief pursuant to a state habeas corpus proceeding. SCR at 253-71. Petitioner made near identical arguments as those advanced in his request for injunctive relief. The People moved to dismiss the petition, arguing that petitioner was not entitled to immediate release. SCR at 272-326. Petitioner filed a reply. SCR at 327-340.

On July 30, 2018, the Cayuga County Court denied the petition because "[s]ubsequent to commencement of th[e] proceeding, Petitioner was released from custody to parole supervision." SCR at 341. Accordingly, the matter was denied and dismissed at moot. *Id.*; *see also* DOCCS Inmate Population Information Search website, available at http://nysdoccslookup.doccs.ny.gov/ (indicating that in 2018, petitioner was released on parole with no maximum expiration date). Petitioner sought leave to appeal; however, the

4

motion was dismissed on October 16, 2018.  SCR at 346-47.

### III.   PENDING PETITION

Petitioner has repeatedly stated that his challenge is not to his underlying criminal conviction, but to Cayuga County's jurisdiction to issue parole violation warrant # 751644. Pet. at 9-10.  Specifically, petitioner contends that the inconsistency between his New York Identification Number on his "Sentence and Commitment Order" and his New York County conviction result in "any such parole warrant or custody therefrom suffer[ing] . . . fundamental jurisdictional defect[s] that cannot be waived or procedurally barred" and that this "violated [his] Due Process Right and Equal Protection thereof under its own State Law and statutory provisions (Correction Law § 601-a)." *Id.* at 9.   Petitioner seeks release from the respondent's custody on the ground that the jurisdiction over him is unlawful. *Id.* at 20.

Respondent opposes the petition and argues that petitioner's claim is not cognizable on federal habeas review.  Dkt. No. 5-1 at 11-12.  Petitioner replied, further clarifying his argument.  Dkt. No. 8.  Petitioner explains that DOCCS's modification to his NYSID No. represents an "erroneous computation," and that, based on *Earley v. Murry*, 462 F.3d 147 (2d Cir. 2006), the United States' Constitution prohibits DOCCS's actions of "disregard[ing the] commitment order[.]" *Id.* at 2-3.  Instead, petitioner contends, DOCCS should have followed the procedure set forth in New York State Corrections Law § 601-a for obtaining a re-sentencing hearing.  *Id.* at 8.

### IV.   DISCUSSION

Petitioner's rationale for release revolves around DOCCS's alleged failure to comply with New York State Corrections Law § 601-a.  That provides, in relevant part, that when an individual "has been erroneously sentenced, it shall be the duty of [DOCCS] to communicate

5

with the sentencing court, the inmate's . . . attorney, and the district attorney." N.Y. Corr. Law § 601-a. If the allegations are substantiated, DOCCS must then "arrange for the person to be heard and properly resentenced[.]" *Id.* However, this Court has held that there is no infringement of a constitutional right when the allegation is that DOCCS failed to comply with a state law, specifically New York Corrections Law § 601-a. *See Russ v. Fischer*, No. 9:13-CV-1270 (DNH), 2014 WL 3107957, at *5 (N.D.N.Y. July 8, 2014) (denying habeas petition for asserting non-cognizable claims since "[f]ederal courts may not issue the writ of habeas corpus on the basis of a perceived error of state law . . . A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") (internal quotation marks and citations omitted); *Jackson v. Annucci*, No. 9:18-CV-1162 (BKS/DEP), 2019 WL 1517580, at *3 (N.D.N.Y. Apr. 8, 2019) (finding that "an alleged failure by DOCCS to carry out its duties under N.Y. Correction Law § 601-a does not give rise to Section 1983 claims," because such a matter fails to present an issue of federal law)

     The opinion most relevant to non-cognizability is the recent decision dismissing petitioner's federal civil rights action, brought pursuant to 48 U.S. C. § 1983. *Partee v. City of Syracuse*, No. 5:19-CV-0417 (TJM/DEP), 2019 WL 2617901 (N.D.N.Y. May 23, 2019), *report-recommendation adopted by*, 2019 WL 2646954 (N.D.N.Y. June 26, 2019). In that case, petitioner "appear[ed] to allege that because the written order of commitment referred to him as 'Cedric Partee,' rather than 'Cedric Webb,' and indicated that his NYSID was 4064899K, rather than 4064899M, the sentence imposed was illegal, resulting in a violation of his constitutional rights." *Id.*, 2019 WL 2617901, at *5. This Court held that "[a]ny alleged clerical error in a written order of commitment implicates an issue of state law . . . [and t]he

6

proper procedure for . . . challeng[ing] the perceived inadequacies with the written order of commitment is by commencing an appropriate proceeding with the sentencing court." *Id.* In sum, petitioner's challenge to the application of Corrections Law § 601-a to his case does not present an issue of federal law rendering petitioner's claim non-cognizable. Thus, the Court recommends denying the petition on this ground.

Further, petitioner's reliance on *Earley* is misplaced. In *Earley*, the inmate was provided a determinate sentence pursuant to a plea deal, and, unbeknownst to any of the parties, a New York law automatically required Earley also be sentenced to a period of post-release supervision ("PRS"). *Earley*, 462 F.3d at 148-49. DOCCS included the period of PRS in Earley's sentencing calculation, which the Second Circuit determined was an error. *Id.* at 149-150. Specifically, the Court held that "only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty . . . [a]nd that judgment includes only those terms expressly imposed." *Id.* at 150 (internal quotation marks and citations omitted).

Here, petitioner's situation is completely distinguishable. First, DOCCS did not change petitioner's sentence. Petitioner has never argued that his underlying criminal conviction or sentence was incorrect. In fact, he has explicitly stated that is not his intention.[2] Therefore, petitioner has been serving a properly-executed sentence since its inception. Second,

---

[2] Because petitioner has already filed two federal habeas corpus actions challenging his underlying state court conviction, any challenge to his sentence would have first required permission from the Second Circuit to file as a successive habeas action. *See* 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.")

despite petitioner's allegations, DOCCS did not act in a judicial capacity. Instead, DOCCS was acting pursuant to its "continuing, nondiscretionary ministerial duty to correct known errors." *Colon v. Lavalley*, No. 1:08-CV-7028, 2012 WL 5462583, at *4 (S.D.N.Y. Nov. 9, 2012) (citing cases).

> "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *[United States v. Werber*, 51 F.3d 342,] . . . 347 [(2d Cir. 1995)] (quoting *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir.1987)). An amanuensis is "one employed to write from dictation or to copy manuscript." Webster's Seventh New Collegiate Dictionary (1965). [A] mistake [is not clerical where] . . . the correction required more than substituting a right number for a wrong number.

*United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996).

Here, DOCCS did nothing more than correct a clerical error, as the memorandum from the Office of Criminal Justice Records indicated. Although petitioner may contend that this error was one of misidentification, that argument is disingenuous. There are multiple instances throughout the record where other people indicate that they referred to petitioner as both Cedric Partee and Cedric Webb. SCR at 21, 23 (parole revocation decision notice indicating both names); SCR at 54, 60 (revocation hearing transcript where multiple individuals, specifically petitioner's parole officer and friend, referred to him by both names and confirmed he was the same person). There are also instances where petitioner himself acknowledged, on his own volition and without prompting, that he has gone by both last names. SCR at 44, 267 (signed and dated Notice of Parole Violation whereby petitioner signs the paperwork "Cedric Partee Webb"); Dkt. No. 8 at 1 (caption of petitioner's reply, where petitioner writes that his name is "Cedric Partee a/k/a Cedric Webb").

In sum, petitioner never argues that Cedric Webb or Cedric Partee is another person.

8

Both names refer to petitioner, a fact which – as laid out above – he has continually acknowledged and never disputed. Any arguments to the contrary would be wholly unpersuasive as the record belies them. "Petitioner's assertion of a clerical error . . . is in fact nothing more than an attempt by him to exploit a mistake in the record," and though this Court appreciates petitioner's identification of the inconsistency, it is insufficient to entitle petitioner to federal habeas relief. *Charon v. United States*, No. 1:99-CV-10266, 2000 WL 1218372, at *8 (S.D.N.Y. Aug. 23, 2000) (internal quotation marks and citations omitted). Instead, DOCCS was simply correcting a ministerial mistake by substituting the correct terminal letter for the wrong one, materially differentiating this situation from that which occurred in *Earley*.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is

**RECOMMENDED**, that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3] and it is further

**RECOMMENDED**, that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

**ORDERED**, that the Clerk of the Court shall provide petitioner with copies of the

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[4]

Dated: July 14, 2022
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).