**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CEDRIC PARTEE,** *also known as Cedric Webb*,

                                        **Petitioner,**

          **vs.**                                                    **9:19-cv-1198**
                                                                     **(MAD/CFH)**

**DAVID JONES,** *Superintendent, Cayuga***; and NEW**
**YORK DIVISION OF PAROLE,**

                                        **Respondents.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**CEDRIC PARTEE**
c/o Keith R. Young, Esq.
499 S. Warren Street
4th Floor
Syracuse, New York 13202
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                    **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondents

**Mae A. D'Agostino, U.S. District Judge:**

                                        **ORDER**

          Petitioner commenced this action on September 26, 2019, seeking federal habeas corpus

relief pursuant to 28 U.S.C. § 2254.  *See* Dkt. No. 1.  Petitioner was incarcerated pursuant to a

1984 judgment of conviction in New York County, upon a jury verdict, of second degree murder.

*See id.* at 1-2.  Petitioner was sentenced to an indeterminate term of twenty-five years to life.  *See*

Dkt. No. 6 at 214.  Petitioner unsuccessfully petitioned for federal habeas relief seeking to vacate

his criminal conviction on two separate occasions.  *See Partee v. Walker*, No. 1:95-cv-1213, 1997

WL 578688 (S.D.N.Y. Sept. 16, 1997); *Partee v. Henderson*, No. 7:87-cv-1688, 1990 WL 26917 (S.D.N.Y. Feb. 28, 1990).

Petitioner was released from custody in November 2014, but his parole was revoked in 2016 and Petitioner was given a twenty-four month assessment by the Parole Board. *See* Dkt. No. 6 at 49-89, 91-98. Petitioner's administrative and state court challenges to the revocation of his parole were all unsuccessful. *See id.* at 214-17. While his Article 78 petition was pending, he filed a motion with the Third Department raising nearly identical arguments being raised in the present matter. *See id.* at 218-35.

In this case, Petitioner contends that the "Sentence and Commitment Order" from his 1984 conviction identified him as Cedric Webb with NYSID No. 4064899K; however, his parole revocation warrant, dated July 15, 2016, identified him as Cedric Partee with NYSID No. 4064899M. *See id.* at 222. When Petitioner asked about the discrepancy, the Office of Criminal Justice Records responded that it had corrected the error about the terminal letter in Petitioner's NYSID number and apologized if the number had previously been incorrectly reported to Petitioner. *See id.* at 235. Petitioner claims that he is not challenging his underlying criminal conviction; rather, Petitioner claims that he is challenging Cayuga County's jurisdiction to issue parole violation warrant #751644. *See* Dkt. No. 1 at 9-10. Specifically, Petitioner contends that the inconsistency between his NYSID number on his "Sentence and Commitment Order" and his New York County conviction result in "any such parole warrant or custody therefrom suffer[ing] ... fundamental jurisdictional defect[s] that cannot be waived or procedurally barred" and that this "violated [his] Due Process Right and Equal Protection thereof under its own State law and statutory provisions (Correction Law § 601-a)." *Id.* at 9. Petitioner seeks release from Respondent's custody and control, claiming that their jurisdiction over him is unlawful. *See id.* at 20.

2

Respondents oppose the petition, arguing that Petitioner's claims are not cognizable on federal habeas review. *See* Dkt. No. 5-1 at 11-12. In his reply, Petitioner clarifies his argument, claiming that DOCCS' modification to his NYSID number represents an "erroneous computation," and that based on *Earley v. Murray*, 462 F.3d 147 (2d Cir. 2006), the United States Constitution prohibits DOCCS' action of "disregard[ing]" the commitment order. *See* Dkt. No. 8 at 2-3. Rather, Petitioner argues that DOCCS should have followed the procedure set forth in New York State Corrections Law § 601-a for obtaining a re-sentencing hearing. *See id.* at 8.

In a July 14, 2022 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court dismiss the petition. *See* Dkt. No. 17. Specifically, Magistrate Judge Hummel found that DOCCS' failure to comply with Section 601-a of the New York State Correction Law does not implicate a constitutional right and is not cognizable on federal habeas review. *See id.* at 6-7. Moreover, the Report-Recommendation and Order found that Petitioner's reliance on *Earley* is misplaced because DOCCS did not change Petitioner's sentence, but merely corrected a clerical error on a properly imposed sentence. *See id.* at 7-8. Finally, to the extent that Petitioner is attempting to claim that the error identified was one of misidentification, the argument is disingenuous as Petitioner clearly acknowledges that he has gone by both last names, *i.e.*, Webb and Partee. *See id.* at 8. In his objections to the Report-Recommendation and Order, Petitioner generally contends that Magistrate Judge Hummel misconstrues his claims and incorrectly applied the relevant law. *See* Dkt. No. 18.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations

for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Having carefully reviewed the July 14, 2022 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the petition must be dismissed.  To the extent that Petitioner is claiming that Respondents failed to comply with Section 601-a of the New York State Correction Law, such a claim is not cognizable on federal habeas review.  *See Russ v. Fischer*, No. 9:13-cv-1270, 2014 WL 3107957, *5 (N.D.N.Y. July 8, 2014); *Jackson v. Annucci*, No. 9:18-cv-1162, 2019 WL 1517580, *3 (N.D.N.Y. Apr. 8, 2019).

Additionally, Petitioner's reliance on *Earley* is misplaced.  In *Earley*, the inmate was sentenced, pursuant to a plea deal, to a determinate term of incarceration, with no post-release supervision to follow.  *See Earley*, 462 F.3d 148-49.  Unbeknownst to all parties, a New York law required Earley to receive a period of post-release supervision.  *See id.*  In accordance with this law, DOCCS included the period of post-release supervision in Earley's sentencing calculation, which the Second Circuit held was impermissible.  Specifically, the Second Circuit held that "only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty."  *Id.* at 150.  Here, however, Petitioner does not contend that his underlying sentence or conviction were incorrect or that Respondents have acted in a judicial capacity.  Rather, he claims that DOCCS corrected a clerical error, which it may permissibly do pursuant to its "continuing, nondiscretionary ministerial duty to correct known errors."  *Colon v. Lavalley*, No. 1:08-cv-7028, 2012 WL 5462583, *4 (S.D.N.Y. Nov. 9, 2012) (citing cases).

In his objections, Petitioner contends that "Cedric Partee NYSID No. 4064899K ... simply does not exist and there is no arrest record in which Cedric Partee, was ever arrested." Dkt. No. 18 at 1.  Throughout the state court records and even in his filings before this Court, Petitioner has variously referred to himself as both Cedric Webb and Cedric Partee.  Moreover, he acknowledges that he is the individual that was sentenced for the underlying 1984 conviction for second degree murder.  The fact that Petitioner may have changed his name at some point after his conviction does not somehow make him no longer subject to the terms of the sentence imposed for that conviction.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 17) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall be issued with respect to any claims set forth in the petition because Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondents' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 20, 2022
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

5